**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff/Respondent,

vs.                                                           Civil No. 06-641 MCA/RHS
                                                             Crim.No. 03-1735 MCA

ANTHONY SERRANO,

       Defendant/Movant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

      1.  THIS MATTER comes before the Court upon Movant Anthony Serrano's "Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," ("Motion"), file-stamped July 17, 2006 **[Doc. No. 1]**, "Motion to Include Additional Evidence" ("Motion to Supplement I"), file-stamped June 5, 2008 **[Doc. No. 18]**, "Motion for Declaratory Judgment," file-stamped June 5, 2008 **[Doc. No. 19]**, "Motion for Evidentiary Hearing," file-stamped October 20, 2008 **[Doc. No. 22]** and "Motion to Supplement Additional Evidence (Doc. 18)" ("Motion to Supplement II"), file-stamped October 20, 2008 **[Doc. No. 23]**. Mr. Serrano is proceeding *pro se*.

      2.  A grand jury indicted Mr. Serrano "on various firearms charges, after law enforcement seized a 30.06 rifle from his home and a sawed-off shotgun from his vehicle." United States v. Serrano, 406 F.3d 1208, 1211 (10th Cir. 2005). Following a jury trial, Mr. Serrano was convicted of: "(1) being a felon in possession of a sawed-off shotgun in violation of 18 U.S.C. § 922(g)(1) ("count I"); (2) knowingly possessing a[n] [unregistered] sawed-off shotgun . . . in violation of 26 U.S.C. § 5861(d) ("count II"); and (3) being a felon in possession

of a 30.06 rifle in violation of 18 U.S.C. § 922(g)(1) ("count III")." Serrano, 406 F.3d at 1211. The Court subsequently "sentenced [Mr. Serrano] to 262 months imprisonment." Serrano, 406 F.3d at 1211.

3. Mr. Serrano's allegations, liberally construed, assert that the following grounds of error entitle him to relief:

(1) "the Government failed to provide [Mr. Serrano] with a Notice of [sentencing] Enhancement . . . under 18 U.S.C. § 924(e)(1)," (Memorandum attached to Motion, Claim One at 1);

(2) Prosecutorial Misconduct, based on the Government's alleged failure to provide Mr. Serrano with an "Enhancement Notice," (Motion at 7); and

(3) Ineffective Assistance of Counsel, based on counsel's alleged failure to dispute the application of the Armed Career Criminal Act ("ACCA") by arguing that: (i) unlawful possession of a firearm by a felon is not a "crime of violence," (ii) Mr. Serrano's previous arson convictions under New Mexico law were neither felonies nor "crimes of violence," and (iii) the Government's failure to provide an "Enhancement Notice" precludes application of the ACCA. The Government filed a response to Mr. Serrano's Motion. (See Government's Response to Defendant's Motion ("Response"), filed Sept. 13, 2006 **[Doc. No. 8]**).

*Grounds 1 and 2*

4. Mr. Serrano alleges that the Government deprived him of procedural due process and engaged in prosecutorial misconduct by failing to provide him with a "Notice of Enhancement" before seeking to enhance his sentence under the ACCA. However, the Court concludes that Mr. Serrano's argument on these grounds fails for at least two reasons.

5. First, Mr. Serrano's argument is procedurally defaulted because he did not raise this

issue on direct appeal.  Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal.  See United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993).

6.  Second, Mr. Serrano's argument fails on the merits.  "Procedural due process requires only reasonable notice of, and an opportunity to be heard concerning, the prior convictions." United States v. Martinez, 30 Fed.Appx. 900, 907 (10th Cir. Feb. 22, 2002) (not selected for publication) (citing Oyler v. Boles, 368 U.S. 448, 452 (1962)).  The Martinez Court held that "due process does not require the government to provide formal, pretrial notice of its intention to seek a sentence under the ACCA."  Martinez, 30 Fed.Appx. at 908 (citing United States v. Alvarez, 972 F.2d 1000, 1006 (9th Cir. 1992)).

7.  In Martinez, the Court found that setting out prior convictions in a presentence investigation report ("PSR") that is made available before sentencing affords the defendant "ample opportunity to investigate his earlier convictions and to challenge the applicability of those convictions under § 924(e)(1)."  Martinez, 30 Fed.Appx. at 907.  The Martinez Court concluded that, under these circumstances, the defendant "had sufficient, actual notice, prior to sentencing, of the government's intention to use each of his convictions for enhancement purposes and there is no due process violation."  Martinez, 30 Fed.Appx. at 908.

8.  In this case, as in Martinez, Mr. Serrano's prior convictions were set out in a PSR, providing him with an opportunity to investigate the information contained therein and to challenge the applicability of his convictions under the ACCA.[1]  Moreover, Mr. Serrano's

---

[1] Mr. Serrano's prior convictions were listed under a section of the PSR titled "Armed Career Criminal Provision."  (PSR at 8, Ex. 1 to Response).  Mr. Serrano submitted objections to the PSR, "contest[ing] the application of the Armed Career Criminal provision . . . . [and] question[ing] the use of five arson counts to enhance his sentence under the" ACCA.

counsel avers that he "advised Defendant on many occasions, both in person and in writing, that he was in jeopardy of having his sentence considerably enhanced by application of the ACCA . . . ." (Affidavit of Counsel ¶ B, attached to Response). The Court concludes that Mr. Serrano was neither denied procedural due process, nor subjected to prosecutorial misconduct with respect to the Government's intent to enhance Mr. Serrano's sentence under the ACCA based on his prior convictions.

*Ground 3-Ineffective Assistance of Counsel claim*

9. To prevail on a claim of ineffective assistance of counsel, Mr. Serrano must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, he must establish that his counsel's performance "fell below an objective standard of reasonableness." Id. at 688. To meet this first prong, Mr. Serrano "must overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Hickman v. Spears, 160 F.3d 1269, 1273 (10th Cir. 1998) (quoting Strickland, 466 U.S. at 689); see also Duvall v. Reynolds, 139 F.3d 768, 777 (10th Cir. 1998). When analyzing the performance of counsel, this Court will focus on "not what is prudent or appropriate, but only what is constitutionally compelled." United States v. Cronic, 466 U.S. 648, 665 n.38 (1984). Additionally, Mr. Serrano's claim of ineffective assistance of counsel will be viewed "from the perspective of his counsel at the time he rendered his legal services, not in hindsight." Hickman, 160 F.3d at 1273; accord Strickland, 466 U.S. at 689.

10. The second prong of the Strickland test requires Mr. Serrano to show that his counsel's deficient performance prejudiced his defense. Strickland, 466 U.S. at 692. To satisfy

---

(Addendum to the PSR, Ex. 2 to Response).

the second prong, Mr. Serrano must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

11. As previously noted, the Government was not required to provide Mr. Serrano with a formal, pretrial notice of its intent to seek a sentence enhancement under the ACCA. Thus, Mr. Serrano's argument that his counsel was ineffective in failing to argue that Mr. Serrano was entitled to such notice has no merit. Moreover, even assuming that counsel's conduct was deficient, it is not apparent how such conduct prejudiced Mr. Serrano's defense. See United States v. Moyer, 282 F.3d 1311, 1318 (10th Cir. 2002) (explaining that sentence enhancement under the ACCA "is mandatory and does not require government action to trigger its application nor does it vest discretion in the sentencing court not to apply its mandate") (citation and internal quotation marks omitted).

12. Mr. Serrano also contends that his counsel was ineffective for failing to argue that the unlawful possession of a firearm by a felon is not a "crime of violence" and that the previous arson convictions under New Mexico law were neither felonies nor "crimes of violence." However, neither of these alleged failures represent constitutionally deficient conduct of counsel.

13. The ACCA sentence enhancement applies to a defendant who has violated 18 U.S.C. § 922(g) and "has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony[2] or a serious drug offense, or both, committed on occasions different

---

[2]A "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year . . . that-
. . .
(ii) is burglary, *arson*, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . ." 18 U.S.C. § 924(e)(2)(B) (emphasis added).

from one another." 18 U.S.C. § 924(e)(1).  In this case, Mr. Serrano was convicted on two counts of violating § 922(g) and has at least three previous convictions of arson under New Mexico law.

14.  The ACCA does not require Mr. Serrano's conviction under § 922(g) (i.e., felon in possession of a firearm) to be a "crime of violence."  However, the ACCA does require that Mr. Serrano have at least three previous convictions for a violent felony.  The PSR indicates that "[o]n April 13, 1984, [Mr.] Serrano pleaded guilty to four counts of Arson (value over $1,000)[3] and one count of Arson (value over $100)" in the Second Judicial District Court of Bernalillo County, Albuquerque, New Mexico.  (PSR at 9 ¶ 32).  Arson is specifically listed as a crime of "violence" under § 924(e)(2)(B).  Mr. Serrano points to nothing challenging the accuracy of the summary of his previous arson convictions set forth in the PSR.  Accordingly, the Court concludes that Mr. Serrano's counsel was not deficient in failing to argue that his previous arson convictions did not constitute the "violent felonies" required under the ACCA.[4]

*Motions to Supplement I and II, Motion for Declaratory Judgment and Motion for Evidentiary Hearing*

15.  Mr. Serrano's Motion to Supplement I **[Doc. No. 18]** and Motion to Supplement II **[Doc. No. 23]** consist entirely of various letters, affidavits and cases that he seeks "to include as evidence in this matter."  Mr. Serrano contends that he is "factually innocent" of the charges in this case because he "never possessed the 30:06 rifle or the sawed off shotgun."  (Affidavit of Anthony Serrano, attached to Motion to Supplement I).  Mr. Serrano avers that he "was denied

---

[3]In New Mexico, a person who "commits arson when the damage is over five hundred dollars" is guilty of at least a fourth degree felony.  NMSA § 30-17-5(D).  The basic sentence of imprisonment for a fourth degree felony is eighteen months.  See NMSA § 31-18-15(A)(10).

[4]As previously noted, Mr. Serrano's counsel objected to applying the ACCA sentencing enhancement and questioned the use of Mr. Serrano's previous arson convictions in doing so. See supra note 1.

the opportunity to have two witnesses testify on my behalf[,]" Michael Serrano and Manuel Franco.  (Id.).  Mr. Serrano seeks a declaratory judgment "in accordance with the filings of additional evidence . . . which prove beyond any doubt [that he] is innocent . . . of the crimes charged."  (Motion for Declaratory Judgment **[Doc. No. 19]**).

16. As the Government points out, Mr. Serrano's "additional evidence" purportedly proving his innocence has previously been addressed at trial and/or on direct appeal.  At trial, Mr. Serrano testified on his own behalf, asserting that he neither owned nor possessed any firearms.  See Serrano, 406 F.3d at 1214.  Mr. Serrano "opined that Najar put the shotgun in his vehicle . . . . [and] claimed Mrs. Serrano purchased the rifle and, unbeknownst to him, placed it in their house."  Id.  Mr. Serrano's complaint that he was improperly denied the opportunity to present the testimony of Michael Serrano and Manuel Franco at trial was raised and addressed on direct appeal before the Tenth Circuit.  See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994) (explaining that a defendant may not raise issues on collateral review that were previously considered and disposed of on direct appeal).  Accordingly, the Court concludes that Mr. Serrano's Motion to Supplement I **[Doc. No. 18]**, Motion to Supplement II **[Doc. No. 23]** and Motion for Declaratory Judgment **[Doc. No. 19]** lack merit and should be denied.[5]

17. Finally, because it is possible to resolve the issues on the pleadings and other materials before the Court, and the record establishes conclusively that Mr. Serrano is not entitled to relief, the Court concludes that an evidentiary hearing is not necessary.  See United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988).  Accordingly, the Court recommends that

---

[5]The Court also notes that seeking relief from federal custody through a motion for declaratory judgment does not appear to be appropriate where Congress has specifically provided for such relief in 28 U.S.C. § 2255.

Mr. Serrano's Motion for Evidentiary Hearing **[Doc. No. 22]** be denied.

*Conclusion*

For all the reasons set forth above, the Court recommends that Mr. Serrano's "Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" **[Doc. No. 1]**, Motion to Supplement I **[Doc. No. 18]**, Motion for Declaratory Judgment **[Doc. No. 19]**, Motion to Supplement II **[Doc. No. 23]**, and Motion for Evidentiary Hearing **[Doc. No. 22]** be **denied**, and that this civil proceeding be **dismissed** with prejudice.

Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE